CY T. HAINEY, ESQ. (State Bar No. 030634)
Attorney/Owner
Hilltop Law Firm
P.O. Box 9096
Phoenix, Arizona 85068
Telephone and Fax - (602) 466-9631
cy@hilltoplawfirm.com

Of Counsel to:
Credit Repair Lawyers of America
39111 Six Mile Road, Suite 142,
Livonia, MI 48152
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Conrad Mitchell*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Conrad Mitchell, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Chase Bank, USA, N.A., | |
| Defendant. | **JURY TRIAL DEMAND** |

1

**COMPLAINT AND JURY DEMAND**

PLAINTIFF MITCHELL CONRAD, THROUGH COUNSEL CY HAINEY, pleads this complaint for actual damages, statutory damages, and attorney fees for violation of the Fair Credit Billing Act ("FCBA", part of the Truth in Lending Act), 15 U.S.C. § 1666 and Regulation Z ("Reg Z") issued thereunder.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1367.  The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. § 2201.

2. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

3. Plaintiff is a natural person, residing in Tucson, Arizona who entered into an open-end credit transaction with Chase Bank, USA, NA ("Chase") for personal, family, and household purposes.

4. Defendant Chase, at all times relevant hereto, is and was a national association engaged in the business of consumer lending with an address of headquartered at 270 Park Ave Fl 12, New York, NY 10017.  At all times relevant to this complaint, Chase had extended a Visa branded credit card, on a revolving basis, to the Plaintiff.

**FACTUAL ALLEGATIONS**

5. Plaintiff has a Visa branded credit card through Defendant Chase Bank which he uses for personal, family and/or household use.

6. On August 12, 2022, Plaintiff received email messages on his cellphone from Defendant, notifying him of some large charges having been placed on his credit card account. These charges were from Trip Advisor for $1,530.00, SeaWorld for $1,756.23 and Legoland for $427.96 (collectively "Bogus Charges" that total $3,714.19).

7. Plaintiff immediately called Chase by telephone and informed it that these were not charges that he had authorized and disputed all them. In response, Chase sent the Plaintiff an email message acknowledging his dispute to the Bogus Charges and closed his account.

8. On August 19, 2022, Chase mailed a letter to the Plaintiff, again acknowledging his dispute to these three Bogus charges. Chase closed the credit card account ending in 5573 and appropriately provided temporary credits on Plaintiff's account for the Bogus charges.

9. Chase opened a new Visa branded account for the Plaintiff and assigned it the last for digits of 3464.

10. On September 19, 2022, Chase completed its investigation and declined the Plaintiff's dispute to the Bogus Charges. It reversed its provisional credit and is now

3

seeking payment for the Bogus Charges from the Plaintiff.  Chase has placed the Bogus Charges on Plaintiff's new credit card account.  Chase has accused the Plaintiff of benefiting from these Bogus charges which is patently untrue.  Plaintiff never ordered anything from the merchants related to the Bogus Charges.  It is clear that Chase failed to conduct a reasonable investigation into the Plaintiff's dispute.

11. In support of its duty to conduct an investigation under the Fair Credit Billing Act and Regulation Z at 15 U.S.C. 1666 et seq, ("FCBA") Chase produced nothing to show that Plaintiff incurred the charge or benefited from them in anyway.

12. As a direct and proximate cause of Chase's failure to conduct a reasonable investigation, Plaintiff has suffered financial damages and losses, including incurring additional interest charges on his account, late charges for refusing to pay a debt that is not his, and wasted time in trying to get Chase to conduct a reasonable investigation.  Plaintiff has also suffered emotional damages and distress including embarrassment, humiliation, and frustration.

## VIOLATION OF THE FAIR CREDIT BILLING ACT

13. Plaintiff realleges the above paragraphs as if recited verbatim.

14. Plaintiff's credit card with Defendant Chase was a revolving account.  He uses this account for personal, family or household use.

15. Defendant Chase is subject to the Fair Credit Billing Act ("FCBA") and Regulation Z ("Reg Z").

16. Plaintiff timely disputed the Bogus Charge on his Chase credit card account to Chase as it was a bona fide billing error as defined by statute and regulation. In his dispute, Plaintiff explained that her never incurred this charge and was not in Mexico when this charge was added to his account.

17. Under the Fair Credit Billing Act at 15 U.S.C. 1666 and Regulation Z which interprets and applies the FCBA, a "billing error" includes an extension of credit for property or services not delivered to the consumer or the consumer's designee as agreed. See 15 U.S.C. § 1666(b)(3); Reg. Z § 1026.13(a)(3). Plaintiff never ordered, let alone, received any goods or services from the alleged merchants that charged his account for the bogus $3,714.19

18. Chase received Plaintiff's timely posited dispute and upon receipt of this dispute, was required to conduct a reasonable reinvestigation in the circumstances to determine whether the Plaintiff's dispute warranted a credit to his account of $3,714.19.

19. Chase breached its duty to conduct a reasonable reinvestigation into Plaintiff's billing dispute. Chase produced nothing to rebut the fact that Plaintiff ever authorized these merchants to charge his credit card account or that he benefited from Bogus Charges. Chase's investigation was quick, to be sure, but equally

slipshod at best and showed a callous indifference to the Plaintiff's rights under the Fair Credit Billing Act.

20. As a direct and proximate cause of Chase's violation of its duties to the Plaintiff under the FCBA and Reg Z, Plaintiff has suffered damages to his credit standing along with financial and emotional damages.

WHEREFORE, plaintiff prays for Actual damages including pecuniary and emotional damages, statutory, punitive and exemplary damages, costs of the action along with an award of reasonable attorneys' fees plus any other relief that this court deems just.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED:  September 26, 2022

                                                HILLTOP LAW FIRM

                                          By: _/s/  Cy T. Hainey_
                                          Cy T. Hainey
                                          Attorneys for Plaintiff,
                                          Conrad Mitchell

Case 4:22-cv-00435-RM    Document 1    Filed 09/26/22    Page 7 of 7