**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Conrad Mitchell, | No. CV-22-00435-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| JPMorgan Chase Bank NA, | |
| Defendant. | |

Pending before the Court is Defendant JPMorgan Chase Bank, N.A.'s ("Defendant" or "Chase") Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 17), to which Plaintiff responded (Doc. 20), and Defendant replied (Doc. 21). Pursuant to Local Rule of Civil Procedure 7.2(f), the Court finds that the matter is suitable for resolution without oral argument. For the following reasons, the Court will deny Defendant's Motion to Dismiss.

**I.   Background**

Plaintiff has a Chase credit card account (the "account"). (Doc. 14 at 2 ¶ 5.) Upon receiving a notification from Defendant of some large charges placed on the account, Plaintiff immediately called Defendant to inform it that he disputed those charges and did not authorize them. (*Id.* at 3 ¶¶ 6-7.) Defendant acknowledged the dispute in an email and letter to Plaintiff, closed the account, opened a new account, and provided provisional credits for the disputed charges. (*Id.* at 3 ¶¶ 7-8.) Thereafter, Defendant notified Plaintiff that it had completed its investigation. (*Id.* at 3-4 ¶ 10.) Defendant

concluded that Plaintiff benefited from the disputed charges. (*Id.*) Defendant declined Plaintiff's dispute, reversed the provisional credits, and re-billed Plaintiff for the disputed amounts. (*Id.*) Plaintiff claims Defendant violated the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666 *et seq.*, by failing to conduct a reasonable investigation into Plaintiff's billing dispute. (*Id.* at 3-5 ¶ 10, 19.) Specifically, Plaintiff alleges Defendant produced nothing to show he authorized or benefited from the disputed charges and that the investigation "showed a callous indifference" to his rights under the FCBA. (*Id.* at 4-5 ¶¶ 11, 19.)

Defendant's Motion to Dismiss asserts that Plaintiff failed to plead sufficient facts to show Defendant violated the FCBA because Plaintiff did not allege that he gave Defendant written notice of the billing dispute, as the FCBA requires. (Doc. 17 at 2, 4-5.) Defendant argues that its duties under the FCBA were not triggered because Plaintiff provided notice of the billing dispute by phone only and not by writing. (*Id.* at 4-5.) Defendant asserts that, because its duties under the FCBA were not triggered, no FCBA violation occurred, and Plaintiff's FCBA claim should be dismissed with prejudice. (*Id.* at 2, 4-5.) Defendant further asserts that Plaintiff's claim would fail as a matter of law even if Plaintiff provided written notice because Defendant complied with the FCBA's procedural requirements. (*Id.* at 5-6.)

Plaintiff's Response contends that "[a]lthough the FCBA requires a consumer to send written notice of a dispute of a billing error to a creditor," Plaintiff's phone call met the intent of the written notice provision, as evidenced by Defendant acknowledging receipt of the billing dispute and investigating the matter. (Doc. 20 at 6.) Plaintiff also asserts that "the FCBA is a remedial statute and should be construed broadly to protect consumers." (*Id.* (quoting *Hasan v. Chase Bank USA, N.A.*, 880 F.3d 1217, 1220 (10th Cir. 2018).) Thus, Plaintiff argues that "although Plaintiff may not have complied with the technicalities of the notice provision, the purpose of the notice provision was satisfied and Defendant should not be allowed to escape liability because of the manner in which Plaintiff conveyed his dispute." (Doc. 20 at 6.) Next, Plaintiff alleges that Defendant

failed to perform a reasonable investigation as required by the FCBA by failing to produce evidence to show Plaintiff authorized or benefitted from the disputed charges. (*Id.* at 8-9.)

In reply, Defendant emphasizes its argument that an FCBA claim cannot survive a motion to dismiss for failure to state a claim if the plaintiff does not allege that he sent the defendant written notice of the dispute. (Doc. 21.)

## II.     Legal Standard

Dismissal of a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A court evaluating a motion to dismiss must view the complaint "in the light most favorable to the plaintiff." *Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). "If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distribg. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

A court evaluating a motion to dismiss under Rule 12(b)(6) may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). A document is considered "incorporated by reference into a complaint if the

plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.*

**III.  Applicable Law**

The FCBA, 15 U.S.C. § 1666 *et seq.*, is part of the Truth in Lending Act and is implemented by Federal Regulation Z, 12 C.F.R. § 1026 (2023). Congress adopted the FCBA to "prevent a creditor from simply ignoring a billing dispute when attempting to collect a debt." *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 885 (9th Cir. 2011); *see also* 15 U.S.C. § 1601(a) (explaining that the statute's purpose is "to protect the consumer against inaccurate and unfair credit billing and credit card practices"). A creditor's duties under the FCBA are triggered when a creditor receives "written notice" from the cardholder that:

> (1) sets forth or otherwise enables the creditor to identify the name and account number (if any) of the obligor,
> (2) indicates the obligor's belief that the statement contains a billing error and the amount of such billing error, and
> (3) sets forth the reasons for the obligor's belief (to the extent applicable) that the statement contains a billing error

15 U.S.C. § 1666(a)(1)-(3). The notice must be sent to the address the creditor has specified in its billing statements. 15 U.S.C. §§ 1637(b)(10), 1666(a).

If a credit-card holder gives proper notice, the FCBA requires the creditor to acknowledge the dispute, investigate the issue, and provide a written explanation of its determination within specified timeframes. 15 U.S.C. § 1666(a); *see also Lyon* 656 F.3d at 880. "If, after conducting a reasonable investigation, a creditor determines that no billing error occurred," the creditor shall provide to the consumer an "explanation that sets forth the reasons for the creditor's belief that the billing error alleged by the consumer is incorrect." 12 C.F.R. § 1026.13(f)(1). The creditor shall also "[f]urnish copies of documentary evidence of the consumer's indebtedness, if the consumer so requests." § 1026.13(f)(2); *see also* 15 U.S.C. § 1666(a)(B)(ii). "[I]f the obligor alleges that the creditor's billing statement reflects goods not delivered to the obligor . . . a creditor may not construe such amount to be correctly shown unless he determines that

such goods were actually delivered, mailed, or otherwise sent to the obligor and provides the obligor with a statement of such determination." 15 U.S.C. § 1666(a)(B)(ii).

Comments to Regulation Z describe steps a creditor may take in conducting a reasonable investigation:

> A. Reviewing the types or amounts of purchases made in relation to the consumer's previous purchasing pattern.
> B. Reviewing where the purchases were delivered in relation to the consumer's residence or place of business.
> C. Reviewing where the purchases were made in relation to where the consumer resides or has normally shopped.
> D. Comparing any signature on credit slips for the purchases to the signature of the consumer (or an authorized user in the case of a credit card account) in the creditor's records, including other credit slips.
> E. Requesting documentation to assist in the verification of the claim.
> F. Requiring a written, signed statement from the consumer (or authorized user, in the case of a credit card account). For example, the creditor may include a signature line on a billing rights form that the consumer may send in to provide notice of the claim. However, a creditor may not require the consumer to provide an affidavit or signed statement under penalty of perjury as a part of a reasonable investigation.
> G. Requesting a copy of a police report, if one was filed.
> H. Requesting information regarding the consumer's knowledge of the person who allegedly obtained an extension of credit on the account or of that person's authority to do so.

Cmt. to 12 C.F.R. § 1026.13(f).

**IV.   Analysis**

First, Defendant argues that the Court should dismiss Plaintiff's FCBA claim because Plaintiff failed to give Defendant written notice of the billing dispute as statutorily required. (Doc. 17 at 4-5.) Plaintiff does not allege that he provided Defendant written notice, but he alleges that he immediately called Defendant upon receiving notice of the unauthorized charges, and that Defendant acted upon the telephonic notice by acknowledging and investigating the dispute. (Doc. 14 at 3 ¶¶ 7-9.) Defendant's letter acknowledging the dispute instructs Plaintiff to call Defendant if he has questions or sees additional unauthorized activity. (Doc. 17-1 at 2.)[1] There is no indication in the record before this Court that Defendant notified Plaintiff of his

---

[1] The Court finds that Defendant's letter is incorporated by reference in Plaintiff's First Amended Complaint and therefore can be considered on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Ritchie*, 342 F.3d at 908.

obligation to provide written notice of billing disputes, nor any indication that Defendant informed Plaintiff of the address to which such written notice should be sent.

Taking Plaintiff's allegations as true, it is reasonable to infer that Defendant received actual notice of the critical information identified by statute: (1) Plaintiff's name and account number, (2) Plaintiff's belief of a billing error and the amount of such billing error, and (3) the reasons for Plaintiff's belief in a billing error. *See* 15 U.S.C. § 1666(a)(1)-(3). It is also reasonable to infer that Defendant waived the written-notice requirement by acknowledging and investigating Plaintiff's dispute and instructing Plaintiff to call if he had questions or saw additional unauthorized activity on his account. Accordingly, the Court declines to dismiss Plaintiff's First Amended Complaint based on a failure to provide written notice of the billing dispute. "To rule otherwise would be to empower credit institutions to accept a person's oral notice of an error, even lull the person into a false sense of security that the person had timely and properly notified the corporation of a perceived error, only to later claim that despite launching an investigation into the alleged error, the credit institution was never properly notified." *Savitz v. Citizens Bank, N.A.*, No. 19cv0873, 2020 WL 128573, at *4 (W.D. Pa. Jan. 10, 2020).

Next, Defendant argues that the Court should dismiss Plaintiff's claim because Defendant complied with the FCBA's procedural requirements by acknowledging and investigating the dispute and providing a written explanation of its resolution to Plaintiff within the specified timeframes. (Doc. 17 at 5-6.) Plaintiff alleges, however, that Defendant failed to perform a *reasonable* investigation of his dispute. (Doc. 14 at 5 ¶ 19.) Specifically, Plaintiff contends that Defendant produced nothing to show that Plaintiff incurred the disputed charges or benefited from the charges in any way. (*Id.* at 4-5 ¶¶ 11, 19.) Nor did Defendant provide evidence to rebut the fact that Plaintiff never authorized the merchants to charge his credit card. (*Id.*) Taken as true, these facts render plausible the claim that Defendant's investigation was not reasonable. Plaintiff argues that, without engaging in discovery, he cannot know the full details of Defendant's

investigation. (Doc. 20 at 8-9.) The Court concurs. Because Plaintiff's Complaint sets forth the factual allegations necessary to render plausible his FCBA claim against Defendant, the Court will deny Defendant's Motion to Dismiss.

**IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 17) is **denied**.

Dated this 29th day of August, 2023.

_____
Honorable Rosemary Márquez
United States District Judge